FILED'06 FEB 21 12:46USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SISKIYOU REGIONAL EDUCATION PROJECT, et al.,

        Plaintiffs,

v.

LINDA GOODMAN, et al.,

        Defendants.

Civ. No. 04-3058-CO

ORDER

Magistrate Judge John P. Cooney filed two Findings and Recommendations on July 29, 2005 in the above entitled case. The matter is now before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). Plaintiffs timely filed objections. The court has given de novo review of Judge Cooney's

rulings.

After review, the court adopts the Findings and Recommendations filed July 25, 2005 [##151, 152] in their entirety, except the finding that plaintiffs forfeited their claim that defendants' analysis of cumulative impacts is insufficient for failure to catalog and assess impacts from past timber harvest projects. See F&R [#152] at 22-23. The Sierra Club raised this matter before the Forest Service with sufficient clarity to preserve the claim. See Idaho Sporting Congress v. Rittenhouse, 305 F.3d 957, 966-67 (9th Cir. 2002); compare pls' ex. 31 at 71-72, with Lands Council v. Powell, 395 F.3d 1019, 1028 n.7 (9th Cir. 2005).

The court agrees with the balance of Judge Cooney's discussion of defendants' cumulative impacts analysis, including his finding rejecting plaintiffs' claim that defendants violated the National Environmental Policy Act by failing to catalog and assess past actions in the Biscuit Project Final Environmental Impact Statement. F&R [#152] at 24. The FEIS addresses past management activities at III-9, III-100-02, III-197, and III-382-83. Quantified information is provided regarding areas subjected to past management coincident with proposed salvage, and areas previously managed on federal lands in eleven watersheds. Tables III-40 & III-41 at FEIS III-101-02. The court is deferential to defendants' scientific conclusions that soil conditions in areas

not managed since 1980, other than areas subjected to tractor logging, would have recovered to pre-harvest conditions. See FEIS III-101; Marsh v. Oregon Natural Resources Council, 490 U.S. 360, 477 (1989).

The Service may also rely on the reasonable assumption that the catastrophic fire masked effects of prior clear cuts on large wood components. See FEIS III-101; Inland Empire Public Lands Council v. United States Forest Svc., 88 F.3d 754, 761 (9th Cir. 1996). The area of the smaller 1987 Silver Fire is entirely contained within the area of the Biscuit Fire. To the extent effects of prior activities on large wood are not masked, implementation of the snag and dead wood retention schemes will necessarily account for existing conditions resulting from prior management activities. As Judge Cooney correctly found, defendants adequately considered the effects of planned salvage logging and snag retention.

Nor did defendants need to catalog specific past timber management projects in areas proposed for salvage harvest in order to assess cumulative effects to habitat for species dependent on live trees. Only dead trees are planned for commercial harvest. There is no cumulative effect to consider. Judge Cooney therefore properly distinguished this case from Lands Council v. Powell, 379 F.3d 738, 745 (9th Cir. 2004), amended and superceded by 395 F.3d 1019 (9th Cir. 2005), which

involved the proposed harvest of live trees in areas previously subjected to intensive timber harvest practices. F&R [#152] at 24.

Based on the foregoing, defendants' motion for summary judgment [#64] is granted; defendant-intervenors' motion for partial summary judgment [#69] is granted; plaintiffs' motion for partial summary judgment [#80] is denied; plaintiffs' second motion for summary judgment [#101] is denied; defendants' motion for summary judgment [#116] is granted; defendant-intervenors' second motion for summary judgment [#119] is granted.

IT IS SO ORDERED.

DATED this 16th day of February, 2006.

Michael R. Hogan
United States District Judge